Nov. Term, 1854.

WRIGHT
v.
WRIGHT.

*F. M. Finch,* for the appellant.

*W. J. Peaslee* and *M. M. Ray,* for the appellee.

—————•◦•—————

|  5  | 389 |
|147  | 366 |

WRIGHT and Another *v.* WRIGHT.

It is the province of the jury to reconcile the conflict and determine the preponderance of testimony.

An addition to or alteration of a will does not operate to revoke it, unless made *animo revocandi,* and that intention, to be effectual, must be evinced in the mode prescribed by the statute.

A will having been duly signed by a testator and attested by the subscribing witnesses, the testator afterwards inserted therein an additional bequest. The insertion was made by the scrivener who wrote the will, in the testator's presence, and by his direction. The original subscribing witnesses were also present, recognized the paper to which their names were signed, were called upon by the testator to witness the additional provision, and saw it inserted. *Held,* that the new provision became part of the will, and that the will, as amended, was duly executed and attested.

The date is not a material part of a will. It may be held valid though it has no date or a wrong one.

The actual time when a will was executed may be proved by parol.

APPEAL from the *Harrison* Circuit Court.

DAVISON, J.—This was an action of disseizin by the appellee against the appellants, for the undivided one-fourth of certain land in *Harrison* county. Plea, not guilty. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

The case is this:

*Reuben Wright,* on the 7th of *March,* 1851, died seized of the premises in dispute, leaving *Mary Wright* his widow; also four children, being his heirs at law, viz., *Amos Wright, John Wright, Nancy Wright,* and *Martha Mauk. Amos* was the plaintiff below, and *John* and *Mary* were the defendants. The former claimed the land as heir, and the latter as devisees. To sustain the issue on their part, the defendants produced and read in evidence from the records of the

*Friday, December 1.*

Probate Court of *Harrison* county, the last will of the said *Reuben*, with its probate, whereby he devised to them the land sued for in this action.

Upon the trial, the validity of this will was contested, 1. Because the testator, at the date of it, was not of sufficient capacity to make a valid will; and 2. Because it was not executed in the mode prescribed by law.

The evidence bearing upon the first position is conflicting. To reconcile the conflict, and determine the preponderance, was exclusively within the province of the jury. That branch of the case will not, therefore, be further noticed.

Relative to the second point, *Samuel J. Wright*, who wrote the will, and *John Shuck* and *Lewellen Crabb*, who witnessed it, were produced. These witnesses testified, substantially, that they saw the testator sign the will; that they, as witnesses, subscribed it in his presence, and at his request; but that this took place prior to the 1st of *March*, 1851, the day the will bears date; that on said day they were called on by the testator to witness an addition which he then desired to make to his will by inserting therein a bequest of certain articles of property to *Martha Mauk*, his daughter. That bequest was inserted in the will, in their presence, and the testator requested them to notice it; but the will was not re-signed by him, nor re-subscribed by them.

The evidence being closed, the defendants moved the Court to instruct the jury that if they believed that the testator, on the 1st of *March*, 1851, inserted an additional provision for the benefit of *Martha Mauk* in the body of a valid will previously made, signed by himself, and attested by two witnesses, and after that insertion acknowledged it to be his will in the presence of the same subscribing witnesses, they should consider the will executed with due formality of law. This instruction the Court refused.

Before the provision in favor of *Martha Mauk* was inserted, the instrument was evidently a valid will. Was it invalidated by that insertion? This is the first question to be considered.

The testator did not mean to revoke the will, nor did he intend to impair the devise under which the defendants claim.   The additional bequest might be considered inoperative, but that circumstance would not affect the validity of the will, if originally it was executed in proper form.

In *Bringle* v. *McPherson*, 2 Brevard 270, the testator had excepted certain lands from a general devise of his estate, and at a subsequent period, when his fortune had much increased, he erased the exception.   It was held that it must be presumed, on all the facts of the case, that the erasure was made with a view of enlarging the devise and bringing the whole of the estate in question within its operation, and as this intention could not be satisfied without a re-publication, the devise should be read as it originally stood, and as if the exception had not been cancelled.

So in *Jackson* v. *Holloway*, 7 Johns. 394, the act of striking out the words by which a devise was defined as comprising the lands then possessed by the testator, and introducing others extending it to all which he should possess at the time of his death, was not allowed to destroy the original devise, or affect the construction of the instrument.

We think that the principle recognized by these decisions, is clearly right, and applies to the case before us. No addition or alteration will amount to a revocation, unless made *animo revocandi*.   It is the intention of the testator to revoke that constitutes the revocation, and moreover that intention, to be available, must be evinced in the mode prescribed by the statute.   R. S. 1843, c. 30, s. 29.

But why should the bequest added on the 4th of *March*, be deemed no part of the will?   It was inserted by the same scrivener who wrote the original will, in the presence of the testator, and by his express direction.   The instrument was already signed by the testator.   The witnesses who had subscribed the will when first executed, were also present.   They recognized the paper on which their names were signed, and saw the provision inserted.   This would seem to be a sufficient compliance with the statute.   The

mere re-writing of their names to the instrument would have added nothing to the importance of the transaction. Under the circumstances it would have been a useless ceremony. The law, therefore, did not require its performance. We are decidedly of opinion that the will, including the new provision, was duly executed and attested. The instruction moved by the defendant should have been given.

The Court, in its charge, told the jury, that "inasmuch as the defendants rely on a will dated and executed *March* 4, 1851, and have offered no other will in evidence, it is not material whether the paper so altered was or was not a valid will before the alteration was made. If, therefore, the testimony shows that there was no will duly executed on the 4th of *March*, 1851, and dated that day, you ought to find the defendants guilty."

The facts, as they appear in the record, do not sustain the position assumed in the first branch of this charge. It is true the defendants gave in evidence a will bearing date *March* 4, 1851, but they did not rely on the will produced because it was of that date or executed on that day. Indeed, the real issue in the case was whether the will was or not valid, regardless of the time of its execution. The date of a will is no part of the will itself. It may be held valid, though it has no date or a wrong one. If the actual time of its execution should become material, that fact may be established by parol proof. 1 Jarm. on Wills 122.

We think the charge may have misled the jury from the material points at issue between the parties, and that it is, therefore, erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. A. Porter*, for the appellants.

*H. P. Thornton*, for the appellee.