JANE HOLLOWAY *et al.*

*v.*

JAMES GALLOWAY *et al.*

1. WITNESSES—*competency of persons parties to the suit—construction of act of* 1867. In a suit to set aside the probate of a will, on the ground of mental incapacity of the testator at the time of making it, two persons were offered as witnesses who were defendants in the suit and devisees under the will. It was objected, on the part of the plaintiffs, that these persons could not be sworn as witnesses, being incompetent as such under the second section of the act of 1867, which objection was overruled, and the parties allowed to testify. *Held,* that in this, the court committed no error; that under this act, these parties were competent witnesses as to facts occurring *after* the death of the testator; that it was proper to allow them to be sworn, and that plaintiff should then have objected to questions relating to matters not occurring since the testator's death.

2. WILLS—*by parties seeking to establish—what must be proved.* A party seeking to establish a will, must prove the testator was of disposing mind and memory at the time he made it, and this cannot be shown merely by proof that he was so at some anterior period.

3. SAME—*validity of once established by subscribing witnesses—burden of proof.* And in such case, the defendants having put in evidence the testimony of the subscribing witnesses to the will, given when it was admitted to probate, it then devolved upon the plaintiff to show the incompetency of the testator, by proof sufficient to overcome the *prima facie* case made through the testimony of the subscribing witnesses.

4. SAME—*not material that attesting witnesses should be present when the will is signed by testator.* It is no objection, that the attesting witnesses to a will were not present when it was signed by the testator; provided, he acknowledged it as his will and requested them to sign as witnesses.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Messrs. BUSHNELL & AVERY, for the plaintiffs in error.

160 HOLLOWAY *et al. v.* GALLOWAY *et al.* [Sept. T.,

Opinion of the Court.

Mr. B. C. COOK, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill filed by certain of the heirs of James Gallo-way, to set aside the probate of his will, on the ground of his mental incapacity at the time of making it. The cause came to a hearing upon the pleadings and proofs, and a decree was pronounced dismissing the bill. The complainants sued out a writ of error.

The first and second points presented by the complainants in their brief, do not arise upon the record.

The third point relates to the ruling of the court in admitting, as witnesses, James and Archibald Galloway, who were defendants in the suit and devisees in the will. It is insisted that these witnesses fall within the provisions of the second section of the act of 1867, passed for the purpose of making parties competent witnesses, and which section reads as follows:

" No party to any civil action, suit or proceeding, or any person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any idiot, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called on as a witness by such adverse party so suing or defending, and also except in the following cases, namely :"

Then follow certain exceptions, the first of which is, that "in any such action or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person." Under this exception, these parties were competent witnesses as to facts occurring after the death of

James Galloway, the testator. The circuit court therefore did not err in overruling the general objection which was made to the competency of these witnesses, when placed upon the stand. Although the court might think it probable, from the nature of the issue, that the testimony would relate to matters occurring before the decease of the testator, yet this would not necessarily be the case. They might be called for the purpose of proving admissions by the complainants as to material matters, which had been the subject of testimony on the part of complainants. It was proper to allow the witnesses to be sworn, and the complainants should then have objected to questions relating to matters not occurring since the testator's death. No such objections were made.

It is also urged that the court erred in giving the following instruction for the defendants:

"9. The jury are further instructed, that if they believe, from the evidence, that up to the year 1845, James Galloway was a man of sound mind and memory, the presumption of law is, that such sound mind and memory continued up to the time of making of the will in question, unless it is shown by the evidence in the case that his mind and memory had become impaired prior to or by that time."

It is true, as urged by counsel for plaintiffs in error, that persons seeking to establish a will, must prove the testator was of disposing mind and memory at the time he made it, and this can not be shown merely by proof that he was so at some anterior period. But, nevertheless, this instruction can have worked the plaintiffs in error no prejudice. The defendants had put in evidence, as the statute authorizes, the testimony of the subscribing witnesses given when the will was admitted to probate, and this was *prima facie* evidence of its validity. This testimony raised a presumption of the competency of the testator, which would be valid until disproved by counter testimony. It placed upon the plaintiffs in error the burden of

11—51st ILL.

showing the incompetency of the testator, by proof sufficient to overcome the *prima facie* case made for him, and this is all that was required by the foregoing instruction, as a result of competency proven to have existed in 1845. The instruction then really left the parties in the same position before the jury they would have occupied if it had not been given. It merely shifted upon the complainants the burden of proof in case sanity had once been established, and that burden was already upon their shoulders, through the testimony of the subscribing witnesses.

The second instruction asked for the plaintiffs in error, was properly refused. It was immaterial whether the attesting witnesses were present when the testator signed the will, if he acknowledged it as his will and requested them to sign as witnesses.

The seventh instruction for complainants was also properly refused, as too abstract, and tending to mislead the jury.

Counsel do not discuss the evidence. We have examined it, however, and think the verdict properly found.

*Decree affirmed.*