GEORGE W. SHAW

*v.*

ERASTUS C. MODERWELL.

*Filed at Ottawa June 21, 1882—Rehearing denied September Term, 1882.*

1. CONTESTING WILLS—*in the circuit court—constitutionality of act of 1872.* Section 7 of the "Act in regard to wills," in force July 1, 1872, which provides for contesting the will of a deceased person by bill in chancery in the circuit court, at any time within three years after its probate, is not unconstitutional, but is a valid enactment.

2. The circuit court, in hearing a bill to contest the validity of a will, after it has been proved by the subscribing witnesses and admitted to probate, does not exercise original probate jurisdiction.

3. The statute has not made the probate of a will in the county court conclusive until after the lapse of three years, whether that court acts minis-

terially or judicially. In the meantime any one interested may, by bill in the circuit court, contest the validity of the will, and the right of the parties interested to file such bill is not affected by the fact that some or all of them may have appeared in the county court and cross-examined the subscribing witnesses to the will.

4. PROBATE JURISDICTION—*in county courts.* The constitution does not confer upon the county courts *exclusive* jurisdiction in all matters of probate. Such courts are simply given original jurisdiction in such matters, and nothing more.

5. EXECUTOR—*allowance to him of expenditures on contest of the will.* Moneys expended by an executor in defending a suit to contest the validity of a will, in behalf of the personal interests of the devisees named in the will, in which suit the will is set aside, are not proper credits to be allowed against the estate. For such expenditures the executor must look to such devisees.

APPEAL from the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. GEORGE W. SHAW, *pro se:*

The circuit court which set aside the will of Mrs. Nandain had no jurisdiction of the subject matter, and all its proceedings were void, notwithstanding this objection was not raised. Where a court has no jurisdiction of the subject matter, no consent, implied or express, can give it. *Hoagland* v. *Creed,* 81 Ill. 506; *Fleischman* v. *Walker,* 91 id. 321.

If the circuit court was without jurisdiction, an appeal to this court could confer none. *Mills* v. *Brown,* 16 Pet. 527; *Ginn* v. *Rogers,* 4 Gilm. 131; *Williams* v. *Blankenship,* 12 Ill. 122; *Peak* v. *People,* 71 id. 278.

I maintain, first, that in passing upon this will the circuit court exercised original probate jurisdiction; second, that the constitution neither confers nor authorizes the legislature to confer original probate jurisdiction on circuit courts; third, that it bestows *exclusive* original probate jurisdiction upon county courts, save in certain counties where probate courts may be established; and fourth, that the statute in question deprives the county courts of probate jurisdiction, and leaves them only ministerial power.

In *Potter* v. *Potter*, 41 Ill. 85, the court remarks: "In a bill of this character it is necessary the will must be probated anew, as though it was presented the first time for proof." The jurisdiction of the circuit court is then probate jurisdiction.

The constitution provides that circuit courts shall have original jurisdiction of all cases in law and in equity. The words cases in equity must be held to mean cases in which relief is sought according to the principles and practice of equity jurisdiction established in English jurisprudence. 2 Story's Const. sec. 1645; 1 Story's Eq. Jur. sec. 58; *Livingston* v. *Story*, 9 Pet. 656; *Maher* v. *O'Hara*, 4 Gilm. 427.

The court of chancery in England had no jurisdiction of the probate of wills. 2 Story's Eq. Jur. sec. 1466; *Wild* v. *Sweeney*, 84 Ill. 214; 1 Williams on Executors, 476, 484; 2 Redfield on Wills, 47; 1 Story's Eq. Jur. sec. 440; *Gaines* v. *Chew*, 2 How. 619; *Fauvergne* v. *New Orleans*, 18 id. 470; Adams' Equity, sec. 248.

County and probate courts have exclusive original jurisdiction of the probate of wills, etc. Constitution of 1870, art. 5, sec. 18.

Mr. CHARLES DUNHAM, for the appellee:

The constitution does not give county courts *exclusive* original jurisdiction in matters of probate, but only original jurisdiction. If the circuit courts have not jurisdiction of bills to contest the validity of wills under the present constitution, they did not under the constitution of 1848, and all the adjudications under this statute for the last thirty-four years on this question will be overthrown, and the titles to property of vast value destroyed or made uncertain.

A State constitution is not a grant of power to the legislative department, but a limitation of their powers, which would otherwise be plenary. It has all powers not denied it, expressly or by necessary implication.

A proceeding by bill in chancery to contest a will is not a matter of probate of such will. It is rather a proceeding to set aside its probate. The record of the proceedings in the county court makes out a *prima facie* case for the proponent. If the contestant does not succeed in overthrowing the will, the probate of the county court stands. It is not re-probated.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

In the original petition filed herein it was represented to the county court that Erastus C. Moderwell had been duly appointed administrator of the estate of Lydia W. Nandain, deceased; that George W. Shaw, before that time, had what purported to be the last will and testament of decedent probated in that court, and thereupon letters testamentary were issued to him, under which he took possession of the estate, and still retains it. It was further represented, that afterwards, in a proceeding instituted for that purpose, the circuit court declared the will admitted to probate was not the will of decedent, which decree was affirmed in the Supreme Court, and in and by which decree all proceedings had in the county court concerning the probate of such will were declared void. Petitioner represented also that he had demanded the estate of defendant, but he peremptorily refused to deliver any part of it to him, and asks for a citation to defendant to appear and report what he had received of such estate, and for an order upon him to pay the same over to petitioner as the rightful administrator of the estate. On appearing, defendant made answer to the petition exhibited against him. The principal matter alleged in defence is, that the decree of the circuit court, which was afterwards affirmed by the Supreme Court, setting aside and annulling the will of the decedent, inasmuch as it was commenced under section 7 of the "Act in regard to wills," in force July 1, 1872, was null and void,

for want of jurisdiction in the circuit court to pronounce the decree it did.   As was his duty, defendant made a report of his receipts as such executor, and of his disbursements on account of the estate.   Most of the items of disbursements were on account of expenses incurred in and about the defence of the suit instituted by the heir of the decedent to contest the will.   All funeral expenses, and some items of expense other than taxable costs, were allowed on the trial, and were by the court deducted as proper credits from the amounts of receipts, but by far the largest portions of the items of expense included in the account of disbursements on behalf of the estate were disallowed, and that is a matter of complaint on this appeal.

Elaborate arguments have been made on the constitutionality of the section of the Statute of Wills, under which the bill was filed by the heir to contest the will of the decedent, but the views entertained by this court may be briefly stated. Section 7 of the "Act in regard to wills," in force July 1, 1872, provides that if any person interested in the will of any deceased person shall, within three years after the probate of such will in the county court, appear, and by bill in chancery contest the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix, or not; but if no such person shall appear within that time the probate shall forever be binding and conclusive on all parties concerned, with a saving to persons under disabilities, of a like period after the removal of their respective disabilities.   A provision for contesting wills, only differing from this in the period of time in which it might be done, has been contained in the Statute of Wills certainly since 1845, and counsel admit it is traceable back to the act of 1829, on the same subject.   During all that period courts have entertained bills to contest wills under this section of the statute, and it does not appear the jurisdiction of the circuit court in such matters was ever before called in question.

The argument made in support of the position taken is, first, that the constitution bestows exclusive original jurisdiction in all matters of probate upon county courts, save in certain counties where courts of probate may be established with concurrent jurisdiction; second, in decreeing whether the instrument propounded was the will of decedent or not, the circuit court exercised original probate jurisdiction; and third, because the county court has original probate jurisdiction, its order admitting the will to probate must be final, unless reversed on appeal, or other direct proceeding for that purpose. Neither proposition is warranted by any fair construction of the constitution, nor has either proposition any support from the statute or the adjudged cases. It is not true that the constitution bestows on county courts *exclusive* jurisdiction in all matters of probate. Such courts are simply given original jurisdiction in such matters, and nothing more. Nor is it true that the circuit court, in hearing a case to contest the validity of a will, exercises "original probate jurisdiction." Contesting the validity of a will after it has been admitted to probate, or, what is the same thing, after it has been proved in the county court by the subscribing witnesses, is a proceeding authorized by statute to be commenced by a bill in chancery in the circuit court. It is not a proceeding to establish a will, but to impeach it. Unless impeached, the probate of the will becomes binding and conclusive on all parties concerned. Hearing and determining such a case by the circuit court is, in no sense, exercising original jurisdiction in matters of probate. It is a suit which a circuit court has jurisdiction to hear under the statute, as it may hear any other bill in chancery. Whether the county court, in taking the testimony of the subscribing witnesses to a will, acts ministerially or judicially need not be determined. It is a sufficient answer to the position taken in respect to that question, no matter in what capacity the court acts, the statute has not made the

probate of a will in the county court final until after the lapse of three years. In the meantime any one interested may appear, and, by bill in chancery, contest the validity of the will propounded, whether it be the will of the testator or testatrix, or not. The jurisdiction of circuit courts to entertain bills in such cases has been so frequently admitted in the decisions of this court it is not necessary now to discuss it further as a new question. *Wolf* v. *Bollinger*, 62 Ill. 368; *Wild* v. *Sweeney*, 84 id. 213; *Tate* v. *Tate*, 89 id. 42.

The right of the parties interested to bring this bill is not affected by the fact some of them, or, indeed, all of them, may have appeared and cross-examined the subscribers to the will when their testimony was taken in the county court. It was not a trial in any such sense as would bar a party interested from resorting to the remedy given by statute to contest the validity of the will.

By a former decision of this court in this case when pending on a previous appeal, defendant was given leave to apply to the county court in the settlement of the estate of decedent in his hands for an allowance for expenses other than taxable costs. This he did do, and some items of disbursements on account of expenses were allowed, and others disallowed. As the case now comes before this court it is not perceived the circuit court seriously erred in its judgment. Much of what defendant expended in what he terms defending the trust funds in his hands, was expended in behalf of the personal interests of the devisees named in the will. That was annulled and set aside, and he must look to them to be reimbursed for such expenditures.

The order of the circuit court will be affirmed.

*Order affirmed.*