## Frank B. Hobart v. Lydia A. Hobart.

1. WILLS—*Republication—Effect of Codicil.*—Where a codicil operates as a republication of the original will, the two are to be regarded as but one instrument, speaking from the date of the codicil. .

2. WILLS—*Not Necessary That Witnesses Should See the Testator Sign His Name.*—Under the statute governing the execution of wills, it is not necessary that the witnesses should see the testator sign his name, or that he should point out or identify a signature as being his, or that he should expressly state to them that he had signed the will. It is sufficient, if it appear that the testator acknowledged to the witnesses that the instrument he desired them to attest was his will and requested them to attest it as such.

Memorandum.—Probate of will. Appeal from an order of the Circuit Court, of McLean County admitting a will to probate; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

APPELLANT'S BRIEF, KERRICK, LUCAS & SPENCER, ATTORNEYS.

Where a codicil is on the same paper with the will, or identification with the will is otherwise complete, proof of codicil establishes the will so far as not revoked. Duncan v. Duncan, 23 Ill. 304; Ware v. People, 19 Ill. App. 196;

Williams on Ex'rs, 212; American Law of Administration, Sec. 47; Love v. Johnston, 12 Ind. 355; Jones v. Hartley, 2 Whart. 103; Harvard v. Davis, 2 Binn. 406; Brown v. Clark, 77 N. Y. 369; Rose v. Drayton, 4 Rich. Eq. 260; Burge v. Hamilton, 72 Ga. 568; McCurdy v. Neal, 42 N. Y. 333; Murfield's Estate, 38 N. W. Rep. 170; Stover v. Kendall, 1 Coldw. 557; Payne v. Payne, 18 Cal. 291; Jones v. Shewmaker, 35 Cal. 151; Haven v. Forster, 14 Pick. 534.

Attesting witnesses need not know the document attested is signed. If the will is signed by the testator when offered for probate, and he declared it his will when witnesses signed it, the presumption is, it was signed at or before the testation thereof, and is a good attestation. Halloway v. Halloway, 51 Ill. 159; Yoe v. McCord, 74 Ill. 33; Canastey v. Canatsey, 130 Ill. 397; Nickerson v. Buch, 12 Cush. 332; Ela et al. v. Edwards, 16 Gray, 91; Hogan v. Grosvenor, 10 Metc. 56; Dewey v. Dewey, 1 Metc. 349; Osborn v. Cook, 11 Cush. 532; Tilden v. Tilden, 13 Gray, 110; Simmons et al. v. Leonard et al., 18 S. W. Rep. 282; Mundy v. Mundy, 2 McCart. (N. J. Ch.) 290; In the Matter of Hunt, 110 N. Y. 280; Lane v. Lane, 95 N. Y. 494; In the Matter of Beckett, 103 N. Y. 167; In the Matter of Phillips, 98 N. Y. 267; Raudebaugh v. Shelley, 6 Ohio St. 307; Dean v. Dean, 27 Vt. 746; Stonehouse v. Evelyn, 3 P. & W. 254; Grayson v. Atkinson, 2 Ves. Sen. 456; Ellis v. Smith, 1 Ves. Jr. 11; Westbeech v. Kennedy, 1 Ves. & B. 362; White v. Trustees British Museum, 6 Bing. 310; Wright v. Wright, 7 Bing. 457; Johnson v. Johnson, 1 Cromp. & Mess. 140; Hall v. Hall, 17 Pick. 373; Allen v. Griffin, 69 Wis. 533; Nelson v. McGiffert, 3 Barb. Ch. 162.

APPELLEE'S BRIEF, EWING & WIGHT, ATTORNEYS.

To entitle a will to probate four things must concur:

(1.) It must be in writing and signed by the testator or in his presence by some one under his direction.

(2.) It must be attested by two credible witnesses in the presence of the testator.

(3.) Two witnesses must prove that they saw the testator

Hobart v. Hobart.

sign the will in their presence or that he acknowledged the same (the signing) to be his act and deed.

(4.) They must swear that they believe the testator of sound mind and memory at the time of the signing or acknowledging the signature. Sec. 2, Chap. 148 (S. & C.), Rev. Stat.; Dickie v. Carter, 42 Ill. 376; Crowley v. Crowley, 80 Ill. 469; Conatsey v. Conatsey, 130 Ill. 397.

A witness need not know the contents of will or codicil. It is the signature of testator he attests. Canada's Appeal, 47 Conn. 450; Griffith v. Griffith, 5 B. Mon. (Ky.) 511; Raudebaugh v. Shelley, 6 Ohio St. 307.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order or decree of the Circuit Court of McLean County, admitting to probate the will of Harrison E. Hobart, deceased. The instrument consisted of what may, for convenience' sake, be called an original will and a codicil. Both were upon the same sheet of paper, and the codicil, in direct terms, referred to one of the provisions of the original will and clearly recognized its existence. The execution of the codicil, if established, operated as a republication of the original will, and the two are to be regarded as but one instrument, speaking from the date of the codicil. Duncan v. Duncan, 23 Ill. 304; Redfield on Wills, p. 228; 3 Amer. and Eng. Ency. of Law, p. 301. The codicil bore the genuine signature of the testator, but the attesting witnesses did not see him sign his name. He produced to them a paper which he said was his will and requested them to attest it as such. He told them that it was not necessary that they should read it or know its provisions. They consented to attest it as witnesses, and the paper, covered from view except where they were to write their names, was laid before them and they affixed their signatures to it. The writing admitted to probate as his will was fully identified as being the one signed by them. They could not see whether it bore his signature when they signed it, and he did not in direct terms say that he had signed it or

that he acknowledged that it bore his signature. He did say to them that it was his will and requested them to sign it as attesting witnesses. The appellant contends that under the statute it must appear that the witnesses saw the testator sign his name to the will, or that he acknowledged to them that he had signed it, or that the signature thereto was his act and deed. The statute governing this contention is that "all wills shall be reduced to writing and signed by the testator * * * and attested in the presence of two or more credible witnesses, two of whom declaring on oath or affirmation * * * that they were present and saw the testator sign said will in their presence or acknowledged the *same* to be his act or deed * * * shall be sufficient proof of the execution of said will to admit the will to record." The word "same" which we have italicized, refers, we think, to the word "will" preceding it. The paragraph thus construed, would read as follows: "That they (the witnesses) were present and saw the testator sign said will in their presence or acknowledged the said will to be his act and deed." Such reading would, we think, accord with the legislative intent. We do not understand that it is necessary that the witnesses should see the testator sign his name, or that he should point out or identify a signature as being his, or that he should expressly state to them that he had signed the will. In our opinion a will is, in this respect, sufficiently attested and proven, if it appears that the testator acknowledged to the witnesses that the instrument he desired them to attest was his will and requested them to attest it as such. This is, we think, the effect of the rulings of the Supreme Court in Yoe v. McCord, 74 Ill. 33, and Holloway v. Galloway, 51 Ill. 159. The complaint that the court improperly admitted the testimony of J. H. Leaton and E. Thorp need not be further referred to than to say that as the hearing was before the court, it is to be presumed that the court considered only proper evidence and rejected from consideration all that was not competent, and that the decree of the court is amply sustained by other competent proof found in the record.

It is scarcely necessary to add that we can not consider whether the testator dealt justly with the appellant. If competent to make a will he had full right to dispose of his property to those he thought best entitled to receive it. We find no error demanding the reversal of the decree or order of the Circuit Court and the same is affirmed.