### PALMER v. BRADLEY et al.

(Circuit Court of Appeals, Seventh Circuit. April 16, 1907.)

No. 1,324.

1. WILLS—CONTEST—TIME—STATUTES.

Where a foreign will, devising both real and personal property in Illinois, was admitted to probate, one of the heirs of testator's estate was entitled to contest the same in the manner and within the time specified by the Illinois wills act (Hurd's Rev. St. 1905, c. 148, § 7), regulating will contests, though it was only claimed that the will was void, in so far as it attempted to pass personal property, because of a failure to execute it in a manner prescribed by the laws of testatrix's domicile at the time it was executed, so that, no contest having been made within such time, the decree admitting the will to probate was a conclusive adjudication of its validity.

2. COURTS—FEDERAL COURTS—JURISDICTION—WILL CONTEST.

While federal courts sitting as courts of chancery may entertain bills to set aside wills, such courts nevertheless observe the public policy of the

state where the property to be recovered is situated and the court sits respecting the time within which such suits shall be brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 983.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 142 Fed. 193.

The appeal is from a decree, dismissing for want of equity a bill brought by appellant as heir at law of his mother, Anna M. Benedict, against appellee personally, and as executor and trustee under the will of Mrs. Benedict. The facts are stated in the opinion.

F. S. Winston, John Barton Payne, Silas H. Strawn, and John J. Lordan, for appellant.

John P. Wilson, John J. Herrick, and William B. McIlvine, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion:

The will was executed by Mrs. Benedict in France on the 29th day of March, 1895, and was admitted to probate in the Probate Court of Cook County, March 26th, 1896—purporting to dispose of real estate situated in Cook County, Illinois, of the value of about seventy-five thousand dollars, and of personal property, consisting of bonds, mortgages, and the like, in possession of appellee in Cook County, of the value of about half a million dollars.

The bill filed December 3rd, 1902, together with the amended bill filed August 4th, 1904, is to require the appellee to account to appellant for the personal property thus coming into his hands under the will.

The basis of the bill is, that though executed in conformity with the laws of Illinois, where both the personal property and the real estate was situated, the will is effective only as to the real estate, because of the fact that it did not conform to the law of France, respecting the execution of wills—the testatrix at the time of the execution of the will being, according to the averments of the bill, domiciled in France—and is therefore ineffective as to personal property.

To the bill appellee pleaded substantially as follows: (1) That on notice to appellant the will had been duly admitted to probate by order of the Probate Court; whereby, as between appellant and appellee, it was adjudicated, either that the testatrix, at the time the will was made, was in fact domiciled in Illinois; or, if domiciled in France, that the will was in fact executed in accordance with the laws of France; (2) That the estate has been administered and distributed through the Probate Court, running through a period from the 26th day of March, 1896, until the 12th day of June, 1902; no contest on the ground herein named having been instituted; whereby appellant is estopped from asking for the relief prayed for in the bill; and (3) The five years statute of limitations; which pleas having been sustained as being good and sufficient in law, and appellant standing by his bill, the bill was dismissed.

We do not think it necessary to go into these pleas in detail. Taken as a whole, the first two pleas set up a state of facts that bars this suit. It is well settled in Illinois, that a judgment of the Probate

Court admitting a will to probate is a final and conclusive adjudica-tion of the validity of the will, as to all questions relating to its validity as a testamentary instrument, until set aside by a direct proceeding brought in the manner, and within the time, provided by the law of Illinois. Chicago Title & Trust Company v. Brown, 183 Ill. 42, 55 N. E. 632, 47 L. R. A. 798. No appeal was taken from the judgment probating the will, and no, proceeding was brought to contest its validity upon the ground taken in this bill, within the time fixed by the statute. This attempt, therefore, to invalidate the will, so far as it relates to personal property, is barred by the lapse of time, unless it can be successfully maintained that the right that appellant is at-tempting now to exercise, and the remedy he is invoking, were not within the remedial proceeding afforded him by the seventh section of the Illinois statute of wills (Hurd's Rev. St. 1905, p. 2051, c. 148), wherein it is provided, that unless contested within one year, the will as probated, is forever binding and conclusive on all of the par-ties concerned.

That an heir may contest the will under this provision of the stat-ute, not only on account of the incapacity or duress of the testator or testatrix, but also because the will is not executed, in matter of for-mality, in conformity to the law of the place where executed, is not denied by counsel for appellant. The insistence of counsel in that re-spect is, that because the will is not wholly invalid (is valid as to the real estate disposed of), there can be no challenge under that provi-sion, of its validity as to personal property—that so far as this provi-sion for contest goes the will must stand wholly, or fall wholly.

We cannot concur in this view. The seventh section of the Illinois statute of wills, taken in connection with all the provisions of the Illinois law relating to the probate of wills, is a statute of repose. It embodies the public policy of Illinois that the ownership of prop-erty derived through wills shall not be held in uncertainty for a longer period than the one indicated, and such further period as is necessary to determine contests already pending. The question that appellant had to decide for himself, when the will was probated, was not wheth-er the personal property was or was not subject to the testatrix's right of disposal; admittedly the testatrix had a right to dispose of her personal property. The sole question that appellant had to decide was: Is the will, to the extent that it disposes of personal property, valid or invalid by reason of the fact that the testatrix did not comply with the formalities of the law of France respecting the execution of wills. And there is no reason apparent to us, why this question relating, as it does, solely to the validity of the will as a testamentary instrument, to the extent that it purports to dispose of a part of the property involved, may not be raised by the statutory contest provided for; for a contest, like the one now before us, is in the nature of a bill in equity, carrying, in our judgment, the scope and the sus-ceptibility of, being adjusted to any given conditions that a bill in equity may embody. To hold otherwise, it seems to us, would be to sacrifice substance to form—to nullify this statute of repose by con-fining it within limitations founded on the sheerest kind of technical considerations.

That a contest under the seventh section of the statute of wills is not one in which the will must wholly stand or wholly fall, is decided we think in Wolf v. Bollinger, 62 Ill. 368—the case of a testator, who after the publication of his will, desiring that a tract of land devised therein to B, should go to A, drew a line through B's name, interlining over the same the name of A, but never caused the will thus altered to be republished or attested by witnesses as the law provides. Having been admitted to probate, the will was contested under the provision of the statute, as it then stood, corresponding to section seven of the statute of wills as it now stands, the question being whether the will as altered was effective as devising the tract to A; and (should that be held in the negative) was the will effective as devising the tract to B, notwithstanding the alteration. And on the power of the court under that character of statutory contest to settle these questions and carry out its judgment, notwithstanding the fact that such proceeding would require not only that the validity of the will should be enquired into, but that the true nature of the instrument should be established, the court said:

"But it is insisted that, at most, the court had no further authority than to determine whether the instrument, as probated, was the will of the testator or not, and that it had no power to establish the instrument, as originally drawn and executed, without alteration as the true will.

"It is certainly an old head of chancery jurisdiction to establish the validity of wills. Story's Eq. Ju. 1443 et seq., and notes; Adam's Eq. 535.

"The true contest was, as to which one of two persons was the devisee under the will; and it would fall short of administering a full measure of relief to declare that the one was not, and leave it undetermined, to be adjudged in a further suit, may be, whether the other was a devisee. Both parties being before the court, it best consists with convenience and the rule of chancery practice, that the entire question as to their opposing claims to the devise of the land, should, as between themselves, be put to rest, and that it should be settled which one of them was the devisee."

And in a subsequent case, Hesterberg v. Clark, 166 Ill. 241, 46 N. E. 734, 57 Am. St. Rep. 135, a like ruling was made.

The truth is, that the bill now before us is in substance, whatever may be its form, a direct attack upon the validity of the will—is based on the fact that while appellee claims the personal property under the will, appellant contests that claim because of the invalidity of the will; so that unless this statutory provision for contest was intended to be limited merely to the inquiry of the testator's incapacity or duress, the contest here presented is clearly within the kind of contests that the legislature had in mind when the statute of wills was enacted. Indeed in many states it has been expressly adjudicated, that upon the presentation of questions of this character to the Probate Court, the judgment might be one of limited or partial probate— a doctrine recognized in Wolf v. Bollinger, and Hesterberg v. Clark, supra; from which it would logically follow that the proceedings on review, either by appeal or by statutory contest in the nature of a bill of equity, should be equally plastic in the framing of a decree suitable to the circumstances presented.

Now if this be the measure of appellant's right, were the bill before us being considered in state courts of Illinois, there can be no

enlargement of that right by reason of the fact that he has invoked the jurisdiction of the United States Courts. True, federal courts sitting as courts of chancery, may entertain bills to set aside wills or to declare wills invalid; and the same having been done in proper cases, to administer estates according to the law of the land. But in such suits, the federal courts, just as much as the state courts, must observe the public policy of the state where the property to be recovered is situated, and the court sits, respecting the time within which such suits shall be brought—the statutes of repose that prevail in the state where the property is situated and the suit is brought; for this is not primarily and substantially, so much a case to enforce French law in Illinois, as it is a case to recover Illinois property on the ground that by the law of Illinois, the will, so far as it related to personal property, was invalid, because it did not conform to the French law respecting its execution; and a party who thus comes into a United States court, within the state of Illinois, for the purpose of thus enforcing the Illinois law, must conform himself to the procedure respecting time limits that the Illinois law imposes.

The judgment of the Circuit Court is
Affirmed.