## In the Matter of the Estate of Margaret Crumbaker, Deceased. Dora C. McLean, Appellant. John L. Barnes, Appellee.

1. WILLS, § 129*—*duty to probate and establish will.* It is the duty of one named as executor in a purported will to present it for probate and to use all fair and reasonable means to secure the probate thereof, and when a bill is filed to contest the validity thereof, to use like means in the *nisi prius* court to establish its validity and when the validity is upheld and the contestants appeal, to follow the appeal and do so at the estate's expense.

2. WILLS, § 210*—*right to appeal when will is set aside.* When a purported will has been set aside by the decree of a court having jurisdiction to enter it, the executor named therein may prosecute an appeal to the higher courts to test its validity, at the risk, however, of being himself held liable if the decree invalidating the will stands.

3. WILLS, § 207*—*what is effect of decree entered on contest.* Until a decree is entered invalidating the will, the executor named therein is clothed with the authority and burdened with the duty to represent the deceased and carry the will's provisions into effect, but if the will is declared invalid by the decree of a court of competent jurisdiction, until such decree is reversed the situation is as if no will had been made.

4. WILLS, § 214*—*liability of executor for costs on appeal.* An executor who appeals unsuccessfully from the decree of a court of competent jurisdiction invalidating the will must pay the costs and expenses of such appeal and look for any reimbursement to the beneficiaries named in the will who authorized him to appeal.

5. WILLS, § 210*—*what is effect of order authorizing appeal from decree disallowing will.* An order of the county court authorizing the executor named in a purported will to appeal from a decree of the circuit court declaring the instrument not to be the last will and testament of the deceased is a nullity.

6. COSTS, § 33*—*liability of executors and administrators.* The rule that it is only when an executor or administrator acts in bad faith or has been guilty of gross negligence that he can be made liable for costs has no application to a case which does not involve the handling of the estate but involves the legal existence of one as an executor and his right to represent the estate in any way.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. WILLS, § 207*—*extent of liability for interest when will is disallowed.* One who, acting as executor under a purported will, deposits the funds of the estate in a private bank owned and run by him and his son is properly charged 3 per cent interest rather than 6 per cent on such funds from the date of the decree declaring the will invalid until his report was filed, it not appearing that such funds were not at all times ready to be turned over to the lawful owners or that they were intermingled with his private funds.

8. EXECUTORS AND ADMINISTRATORS, § 559*—*amount of fees allowable to representative.* The amount to be allowed an executor or administrator as fees or commissions on the funds passing through his hands is largely within the discretion of the court in which the estate is being administered, within the limit of 6 per cent on personalty, having regard to what he is required to do to discharge his duties.

9. EXECUTORS AND ADMINISTRATORS, § 561*—*when allowance of fees to executor is not excessive.* An allowance not exceeding $300 for fees to an executor who collected in excess of $6,000 and made approved disbursements of about $4,000, *held* not excessive.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 27, 1920.

STONE & DICK, for appellant.

LIVINGSTON & WHITMORE, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

John L. Barnes was named as executor in the purported will of Margaret Crumbaker, deceased. The will was probated, and Barnes qualified as executor and performed the duties of that trust for more than a year, during which time he received as such executor several thousand dollars and expended substantial sums in the liquidation of claims against the estate and for legitimate expenses. A bill to contest

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

this purported will was filed in the circuit court of McLean county returnable to the September term, of that court, 1917. Upon the trial of the issues joined on that bill, the purported will was at the November term of that court, 1917, held and decreed not to be the last will and testament of Margaret Crumbaker. Thereupon John L. Barnes, so then acting as executor of said will, procured leave from the county court of McLean county to prosecute an appeal from the decree of the circuit court to the Supreme Court and did prosecute such appeal. That court affirmed the decree of the circuit court. *McLean v. Barnes,* 285 Ill. 203. In due time Barnes filed in the county court of McLean county a report of his acts and doings as executor under the purported will. To that report Dora C. McLean, the only heir at law of Margaret Crumbaker, filed three objections, viz.:

"1. That said report is incorrect in so far as it charges to the estate of Margaret Crumbaker the attorney's fees and expenses of the said John L. Barnes made upon an appeal to the Supreme Court of Illinois from the order of the Circuit Court of McLean County, Illinois, setting aside said supposed will of the said Margaret Crumbaker, deceased.

"2. Said report is inaccurate in that the said executor should have charged himself with interest at the rate of six per cent upon the funds in his hands from and after December 1st, 1917, until the time of the filing of said report.

"3. That the fees charged by the supposed executor are excessive."

The county court overruled these objections. From that order Dora C. McLean appealed to the circuit court of McLean county. That court overruled the first and third objections and sustained the second and ordered that the executor charge himself with 3 per cent on $2,046.45 from December 15, 1917 to the date of the entry of that order. From that order Dora C. McLean prosecuted her further appeal to this court and

has assigned two errors: (1) The failure of the circuit court to sustain all of her objections to the report; and (2) the failure of the court to require Barnes to charge himself with interest on the funds in his hands at 6 per cent instead of 3 per cent as provided for by the order appealed from.

The determination of the questions presented, fortunately for the court, does not require a construction of the purported will further than is necessary to determine who were the parties in interest in the case brought to contest it, and in the result of the appeal that was prosecuted to the Supreme Court by the person named as executor therein. Such an examination discloses that only Dora C. McLean and such persons as would inherit from Margaret Crumbaker at the time the youngest child of Dora C. McLean should attain the age of 21 years were named as beneficiaries. At the time of the contest of the purported will the only adult defendant was John L. Barnes, who had been named therein as executor. The appeal therefore must have been prosecuted by Barnes either in his own interest or in the interest of the heirs of Margaret Crumbaker, who would have taken the property when the youngest child should attain the age of 21 years.

It has been repeatedly held in this and other States, and is undoubtedly the law, that it is the duty of one who is named in a purported will as the executor thereof to present the same for probate and to use all fair and reasonable means to secure the probate thereof. And when the same is probated and a bill to contest the validity thereof is filed, it is the duty of such named executor to use like means in the *nisi prius* court where the contest is pending to establish the validity thereof, and when in that court the validity of the will is upheld and the contestants appeal, it is not only the privilege but the duty of such named executor to follow the appeal, and to do so at the ex-

pense of the estate. It is likewise well-settled law in this State, at least, that when a purported will has been set aside by the decree of a court having jurisdiction to enter such decree, the executor named therein may prosecute an appeal to the higher courts to test the validity of such decree, provided, however, if he does so, it is at the risk of being himself held liable for the costs, if the decree invalidating the will stands. The underlying principle involved in such matters is that, until a decree is entered invalidating a will, the executor named therein is clothed with authority and burdened with the duty to represent the deceased and carry into effect the provisions of the will. On the other hand, when the will has been invalidated by the decree of a court of competent jurisdiction, it is, until such decree is reversed, as if no will had been made. There is no will, no executor, and no one to speak or act for the deceased, or spend or pledge the money of the estate in litigation. When, therefore, a person named as executor in a purported will that has been declared not to be the will of the deceased by the decree of a court of competent jurisdiction appeals from such a decree and is unsuccessful and such decree is affirmed, he must pay the costs and expenses of such unsuccessful appeal, and he must look to the beneficiaries named in the purported will who have authorized him to make the contest for reimbursement, if he is reimbursed at all. *Shaw v. Moderwell*, 104 Ill. 64; *Moyer v. Swygart*, 125 Ill. 262; *Bardell v. Brady*, 172 Ill. 420; *Hesterberg v. Clark*, 166 Ill. 241; *Godfrey v. Phillips*, 209 Ill. 584; *Leonard v. Burtle*, 226 Ill. 422; *Dowie v. Sutton*, 227 Ill. 183; *Shaw v. Camp*, 56 Ill. App. 23; *Butler v. Bocock*, 160 Ill. App. 501. The order of the county court attempting to authorize Barnes to appeal from the decree of the circuit court holding the paper in question not to be the last will and testament of Margaret Crumbaker was a nullity, because, as already stated,

at that time there was no will of Margaret Crumbaker, no executor, and nothing with which the county court could deal. The Supreme Court in *Moyer v. Swygart,* 125 Ill. 263, in discussing the effect of a decree setting aside the will and the powers of the county court in regard to such will after it had been set aside by a decree of the circuit court, on page 277 of the opinion says: "Of course, all proceedings had under it (the will) in the county court, or elsewhere, would be without authority of law." Appellee has cited *Russell v. Hubbard,* 59 Ill. 339, in support of the contention that it is only when an administrator or executor acts in bad faith or has been guilty of gross negligence that he can be made liable for costs. The case is not in point. There the court was dealing with an administrator in relation to his dealings with the funds of the estate he was representing. In that case neither his legal existence as an administrator nor his right to represent the estate was in any way questioned. He also cites *Bennett v. Bennett,* 282 Ill. 266, to the claim that it is the duty of an executor to procure a correct disposition of the case and that therefore Barnes had a right, and that it was his duty, to appeal the case to the Supreme Court. That case is not in point. There the party was the executor of a valid will and the litigation did not challenge his existence or right to act but related to the manner in which the property belonging to the estate should be distributed by such executor under the will. Appellee also cites *Pingree v. Jones,* 80 Ill. 177, to the effect that an executor should not be required to pay costs in a will contest case. That case is not in point. The judgment for costs there under consideration were costs in the *nisi prius* court, where, as already seen an executor is in duty bound to exercise all fair and reasonable means to sustain the will. Besides that, in so far as the language there used, which is general, seems to permit the construction that costs should

not be charged to one who as the executor named in a purported will attempts to establish the will in all courts, whether the will is set aside or established, has been overruled in effect in *Shaw v. Moderwell*, 104 Ill. 64, and all the other cases above cited to the same point, and was expressly overruled in *Moyer v. Swygart*, 125 Ill. 262-276. The circuit court erred in overruling the first objection above mentioned to the report of Barnes as executor.

The second objection to the report is that Barnes did not in such report charge himself with 6 per cent interest on the funds belonging to the estate in his hands from December 1, 1917, to the time of filing of the report. The circuit court sustained that objection in part, and ordered Barnes to charge himself with 3 per cent on $2,046.45 from December 15, 1917, to the date of the filing of the report in question. Appellant has contented himself with merely stating the objection in his argument. The stipulation of facts shows that the funds in question were deposited by appellant in a private bank owned and run by him and his son. It nowhere appears that those funds were not at all times ready to be turned over to whomsoever they belonged on a moment's notice, or that they ever were mixed or intermingled with the private funds of Barnes. So far as the stipulation shows, the deposit may have been a special deposit of the specie. The order entered was as favorable to appellant as the law allows. There was no error that worked to the disadvantage of appellant in the order entered on the second objection.

The third objection to the report is that the fees charged by Barnes as executor are excessive. He had collected approximately $6,000 and had disbursed about $4,000 of it in ways that seem to have met with the approval of every one. He asked for 6 per cent on all funds received by him and the court allowed his claim amounting to $368.09. That amount will

now be scaled down to about $300 or less by deducting the accrued interest on the $2,046.45 fund for the time Barnes was acting as executor, at least until he appealed from the decision in the will contest case, he was acting in good faith. The amount to be allowed to an administrator of an executor for fees or commissions on the funds that pass through his hands is very largely within the sound discretion of the court where the estate is being administered, within the limit of 6 per cent on personal property, having regard to what such officer has been required to do in the discharge of his duties. There is nothing in this record that will warrant us in finding that the amount allowed Barnes for fees was excessive.

The order of the circuit court is therefore reversed in so far as it relates to the first objection to the report in question, and is affirmed in all other respects, and the cause is remanded with directions to the trial court to enter an order in conformity with the views here expressed and sustaining said first objection to said report.

*Affirmed in part, reversed in part and remanded with directions.*