VALENTINE GIGER *et al.* Appellees, *vs.* LEVI A. BISHOP *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. COSTS—*when widow is properly charged with part of costs of suit to construe will.* Where the widow, after renouncing the will and electing to take under the statute, files an answer to a bill by the executors to construe the will, in which she insists the entire will is void for uncertainty and claims the whole estate as intestate property, she cannot complain that she was required to pay her *pro rata* share of the expenses and costs of the suit.

2. EXECUTORS AND ADMINISTRATORS—*when allowance for commissions is ample.* An allowance to the executors, for commis-

sions, consisting of three per cent on about $5000 in notes turned over to the widow and about $1500 in cash which the deceased had on hand, together with six per cent upon the balance of the estate, is ample, where the estate consisted of cash and good notes, aggregating some $27,000, which required but little work by the executors to collect, and where they were given an ample allowance for attorney's fees.

3. SAME—*when item for attorney's fees should be disallowed.* An item in an executor's report for a balance on attorney's fees should be disallowed where the evidence shows that the amount already paid to the attorneys for services rendered in the settlement of the estate, exclusive of a chancery suit to construe the will, for which a separate allowance was made, is fully equal to the value of the services rendered by them.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding.

This case comes to this court on a certificate of importance from the Appellate Court for the Second District. It is an appeal from the judgment of the circuit court of Mercer county overruling exceptions to the report of the executors of the last will of Jacob Busch, deceased. The exceptions were filed by the legatees under the will and relate to certain items of credit in the fifth report. In this report the executors asked for credit as follows: For $436.67, being a balance of commissions at the rate of six per cent on the total amount of $27,277.89; for balance on attorney fees for services rendered in the estate by McArthur & Cooke, $115; for attorney fees in a chancery case brought to obtain a construction of the will of Jacob Busch, $1000; for guardian *ad litem* fees in the same case allowed Frank M. Carnahan, $200. All of these items were excepted to in the county court and all the exceptions were overruled. On an appeal to the circuit court of Mercer county by the legatees under the will the exceptions were all overruled except the item of $200 for Frank M.

Carnahan, to which the exceptions were sustained. The circuit court ordered that the item for commissions and the two items for attorney fees be paid out of that portion of the estate belonging to the exceptors under the will. The Appellate Court for the Second District affirmed the judgment of the circuit court as to the amount of the two items of attorney fees but reduced the item of commissions to $223.28. The Appellate Court reversed the order of the circuit court which directed the executors to pay these items out of that portion of the estate bequeathed to the exceptors and directed that these items should be charged against the whole estate. The widow, Mary Busch, and the executors, have appealed from the judgment of the Appellate Court, and the appellees in this case, who were the exceptors below, have assigned cross-errors.

Jacob Busch died in Mercer county, leaving Mary Busch his widow. He had no children. The widow renounced the will and elected to take under the statute. The entire estate being personal property, the widow became entitled to one-half the estate under the statute. The estate amounted to $27,277.89, and consisted of cash on hand, notes and other securities. The executors filed a bill in chancery to obtain a construction of the will. That case was finally determined in the Appellate Court for the Second District, and is reported as *Giger* v. *Busch,* 122 Ill. App. 13. Mary Busch, the widow, and all the legatees under the will, were made defendants in that suit. The principal controversy in the present appeal is whether the expenses incurred in the will case shall be paid one-half by the widow, who takes under the statute, and the other half by the legatees, who take under the will, or whether all of these costs and expenses shall be paid by the legatees out of the estate that passes to them under the residuary clause of the will.

ALEX. MCARTHUR, and GEORGE A. COOKE, for appellants.

I. N. BASSETT, (GEORGE B. MORGAN, and WILLIAM MANNHARDT, of counsel,) for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

If Mary Busch had been satisfied with the one-half of the estate to which she was entitled upon renouncing the will and had not concerned herself in regard to the other half of the estate there would be much force in her contention that she should not be taxed with any costs and expenses incurred by the executors in a suit brought to obtain a construction of the will. The record shows that the widow answered the executors' bill and insisted that the entire will was void for uncertainty and claimed the whole estate as intestate property. We fail to see why she should be exempt from the payment of her *pro rata* share of the necessary expenses and costs which were incurred in a suit in which she unsuccessfully set up important property rights. We think that the judgment of the Appellate Court properly disposed of this contention.

It is next insisted that the Appellate Court erred in not allowing the full amount of commissions claimed by the executors. The record shows that after the widow renounced the will the executors turned over to her $5441.52 in notes held by the deceased. It is also in proof that the deceased had on hand $1671.78 in cash at the time he died. The Appellate Court held that three per cent on these two items, together with six per cent on the balance of the estate, would be ample compensation to the executors. The total amount of compensation received by the executors in this estate under the holdings of the Appellate Court is $1423.22. In our opinion the amount is ample. As already stated, the total amount of the estate was $27,277.89. It consisted of cash and an exceptionally well selected class of notes and securities. Only two suits were necessary in the collection of the entire estate. The evidence shows that the county court allowed these executors over $600 for attorney fees

for services rendered in and about the settlement of the estate, exclusive of the $1000 allowed for attorney fees in the chancery case. We assume from the amount of the fees allowed that the attorneys must have performed much of the labor in collecting the assets of the estate. The executors were not required to give any bond. We are at a loss to see what services they could have performed to entitle them to this large amount of compensation. But appellees have assigned no cross-errors upon the ruling of the Appellate Court in this regard. There is therefore nothing left for this court to do but to reluctantly affirm the judgment of the Appellate Court as to this item.

Appellees' cross-errors question the allowance of $115 to McArthur & Cooke, being a balance of $500 alleged to be due said attorneys for services to the executors in the management and settlement of the estate in the county court. In our opinion this item should be disallowed and the cross-errors sustained. The record shows that another attorney was first employed by the executors and that he was paid $110 for services which he rendered. The evidence does not show definitely how much work had been performed in the estate at the time McArthur & Cooke were employed, but it does show that the proof of death, the probate of the will, the appointment and qualification of the executors, the preparation and presentment of the inventory and appraisement, were all made by the first attorney employed, and that he served the executors as the sole attorney for more than one year; also, that four petitions for orders to make loans were presented to the county court and four orders granting leave and approving certain loans were obtained before McArthur & Cooke had anything to do with this estate. The evidence shows that the attorneys made five reports for the executors. These reports are all in the record. We have carefully examined each of them. There is nothing involved or complicated about any of them. They are simply a statement of debits

and credits, which are footed up and a balance struck to be carried forward to the next report. These reports are not long. All of them only occupy fifteen pages of typewritten matter in the record. Outside of these reports these attorneys made a few applications to the circuit court, by petition, for orders approving loans, and one in relation to a monument for the deceased. They were frequently called upon to advise about matters in connection with the collection of the assets. The attorneys did quite an amount of work in locating some of the heirs in Switzerland and Germany and took depositions in these countries, but these services were included in the $1000 item allowed them in the chancery case and should not be considered in connection with the services in the county court. These attorneys have been paid approximately $400 as fees for services rendered in the settlement of this estate, besides the $110 paid to another attorney in connection with the same matter. In our opinion the allowances already made McArthur & Cooke are at least equal to the reasonable value of the services rendered by them. The Appellate Court should have sustained the exception to this item.

In regard to the $1000 fee allowed in the chancery case, the weight of the evidence seems to justify the allowance. We regard the fee as large, but since it has been approved by three courts we are not inclined to disturb the ruling of the Appellate Court upon this item.

The judgment of the Appellate Court is affirmed in all respects except as to the item of $115, as to which the judgment is reversed and the cause remanded to the circuit court, with directions to sustain the exception to the $115 and also to the sum of $213.39 of the item of commissions to the executors.

*Reversed and remanded, with directions.*

Mr. JUSTICE SCOTT took no part in the decision of this case.