## Oliver J. Sprinkle, Administrator, Appellee, v. John H. Forrester, Appellant.

1. EXECUTORS AND ADMINISTRATORS—*liability for counsel fees.* When an executor or administrator deems it advisable or necessary to secure the services of an attorney to enable him to properly discharge the duties of his office, or to represent him in any litigation in which the estate may be involved, he unquestionably has the right to retain counsel for such purposes, but the claim of such counsel for fees for services so performed is strictly speaking enforceable against such executor or administrator in his individual capacity and not against the estate.

2. EXECUTORS AND ADMINISTRATORS—*right to recover fees paid counsel.* If an executor retain the services of counsel with respect to the estate in his charge and paid him fees only a portion of which are allowed by the court to be charged against the estate, any right to recover the excess amount is by himself in his individual rather than in his executive capacity.

Action commenced before justice of the peace. Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed May 26, 1911.

J. A. MERRY, for appellant.

McQUIGG & DOWELL, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The estate of appellee's intestate, Hannah C. Sprinkle, consisted of personalty of the value of about $6,000 and of real estate of the value of about $20,000. Hannah C. Sprinkle left surviving as her only heirs at law four sons and one daughter, who were all of age. After the death of their mother it was agreed among the four children that Oliver J. Sprinkle should be appointed and should act as administrator of her estate; that he should receive for his services as such administrator three per cent on the proceeds of the sale of the real and personal estate, and that the proceeds of the sale of the real estate should be received and accounted for by appellee as such administrator, and should be embodied in his

financial report to the county court. Appellee employed appellant, an attorney at law, to prepare the necessary papers to effect his appointment as administrator, and to render such legal services as might be necessary in the administration and settlement of the estate. Purchasers were procured for the real estate, the heirs joining in conveyances to said purchasers, and the purchase money was paid to appellee. The personal estate was disposed of by appellee, who paid all claims against the estate of his intestate, and held the balance, together with the proceeds of the sale of the real estate, for distribution among the heirs.

At the March term, 1909, of the county court of Christian county appellee filed what purported to be his final report as administrator wherein he charged himself with all the personal estate coming into his hands, and also with the proceeds of the sale of the real estate, and wherein among other items he asked to be allowed $938 for his compensation as administrator, and $250 paid to appellant as attorney's fees for legal services. This report was accompanied by a writing signed by all of the heirs, except the administrator, wherein they represented that they had examined the said report and found the same to be correct and asked that the same be approved and appellee be discharged. Thereafter the county court upon examination of said report refused to approve the same, and ordered appellee to reform said report by eliminating therefrom any accounting for the proceeds of sale of real estate, by limiting the amount of compensation to be allowed appellee as administrator to six per cent of the personal estate handled by him, and by limiting the amount of attorney's fees to appellant to $125. Appellee then filed in the county court his final report as administrator, in compliance with the order of said court, which report was approved. Thereafter, appellee demanded of appellant that he refund to appellee as administrator $125, being the excess paid to appellant above the amount allowed to him by the county court for his attorney's fees, and upon his refusal so to do, appellee, in his representative capacity, brought suit against appellant before a justice of the peace to recover the same. Upon appel-

lant's appeal to the circuit court from a judgment against him in the justice's court, a trial by jury resulted in a verdict and judgment against him for $125, and he prosecutes this further appeal to reverse such judgment. At the close of the evidence for appellee and again at the close of all the evidence peremptory instructions tendered by appellant directing the jury to find the issues for him were refused by the court.

When an executor or administrator deems it advisable or necessary to secure the services of an attorney to enable him to properly discharge the duties of his office, or to represent him in any litigation in which the estate may be involved, he unquestionably has the right to retain counsel for such purpose, but the claim of such counsel for fees for services so performed is strictly speaking enforceable against such executor or administrator in his individual capacity and not against the estate. Barker v. Kunkel, 10 Ill. App. 407; Johnson v. Leman, 131 Ill. 609; Giger v. Bishop, 231 Ill. 472. The right of the county court to allow to an executor or administrator credit in his account for reasonable attorney's fees paid to an attorney at law for services in enabling such executor or administrator to properly and efficiently perform the duties of his office is undoubted, but the amount so paid for attorney's fees is to be determined by the court in the exercise of a judicial discretion. When items for which an executor or administrator asks credit in his report are disallowed in whole or in part by the court, such executor or administrator becomes personally liable to the estate for the amount of such items, and the proper practice in such case is for the court to require the executor or administrator to surcharge himself with the items so disallowed. In the case at bar the action of the county court in refusing to approve the first report filed, and in requiring appellee to file the substituted report in pursuance to the directions of the court, operated to require appellee to surcharge himself with the excess amount paid to appellant. The approval by the county court of the substituted final report filed by appellee settled the estate of his intestate and any claim which he might there-

after have against appellant for the attorney's fees here involved he can recover only in his individual capacity and not as administrator. The trial court should have given to the jury the peremptory instruction requested by appellant at the close of the evidence for appellee, and for the refusal of the court so to do the judgment must be reversed.

*Reversed.*