JAMES GENTLEMAN, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. CONSTITUTIONAL LAW—*attorney's fee provision of Sanitary District act is not invalid.* The provision of section 19 of the Sanitary District act, authorizing attorney's' fees to be recovered in actions for overflowing lands, is not invalid, as granting the special privilege of recovering attorney's fees to the special class of persons whose lands are overflowed, as the classification, in view of the great powers and privileges of the sanitary district, is reasonable and affects alike all persons in the class to which it applies.

2. SAME—*attorney's fee provision of Sanitary District act is not a denial of equal protection of the laws.* The attorney's fee provision of section 19 of the Sanitary District act is a part of the organic law by which the district was created, and in view of the extensive and exclusive powers and privileges of such district such provision cannot be regarded as a violation of the provisions of the State and Federal constitutions against depriving persons of property without due process of law and guaranteeing all persons the equal protection of the laws.

3. SOLICITORS' FEES—*the court is not bound by testimony as to amount of fees to be allowed.* In ascertaining what is a proper amount to allow for solicitor's fees the court is not bound to accept the opinions of the witnesses as conclusive but should take into consideration its own knowledge of the value of the services rendered.

4. SAME—*amount allowed cannot be more than the plaintiff is liable for to his attorneys.* The amount to be allowed as attorneys' fees in favor of the plaintiff in an action against the Sanitary District of Chicago cannot be more than the plaintiff is liable for to his attorneys, and the question is not what is reasonable, just and proper for the attorneys in the particular case, but what would be the usual charge between parties competent to contract and what would be reasonably contracted for by the plaintiff in employing an attorney to prosecute his claim; and the attorney is entitled to no more because the fee is to be paid by the defendant, under the statute, and not by the client.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

FRANK J. QUINN, (EDMUND D. ADCOCK, and JOHN C. WILLIAMS, of counsel,) for appellant.

J. L. O'DONNELL, McDOUGALL & CHAPMAN, and HOWARD H. BAYNE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee recovered a judgment against the Sanitary District of Chicago for $5000 damages to his land by overflowing it. After verdict and judgment the court, on motion of the plaintiff, assessed attorneys' fees in his favor to the amount of $5000, to be taxed as costs. The title to the land was in issue under the pleadings and the defendant appealed directly to this court. The only question presented is the allowance of attorneys' fees and their amount.

The objection to the allowance of any attorneys' fees is based upon the proposition that section 19 of the act under which the Sanitary District of Chicago is organized (Hurd's Stat. 1911, p. 349,) is unconstitutional and void. It is contended, first, that this section violates section 22 of article 4 of the constitution, which provides that the General Assembly shall not pass any local or special law "granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." Section 19 authorizes the recovery of attorneys' fees by a plaintiff suing for damages to land overflowed or otherwise damaged by the construction, enlargement or use of any channel or other improvement under the provisions of the act, provided that the plaintiff shall have given sixty days' notice of his damage and intention to sue, and shall have recovered more than the amount, if any, offered in compromise. In *Sanitary District of Chicago* v. *Ray,* 199 Ill. 63, it was argued, as it is here, that this same section was in conflict with section 22 of article 4 of the constitution, but the reason there assigned was that the section of the constitution provided that in all cases where a general

law could be made applicable no special law could be enacted. This argument was overruled. It is now argued that the section is in conflict with that part of the constitutional provision which forbids granting any special or exclusive privilege to any corporation, association or individual because it grants a special privilege (that of recovering attorneys' fees) to certain individuals,—that is, persons whose land is overflowed or otherwise damaged by reason of the works of the appellant.

The statute under which the appellant, the Sanitary District of Chicago, is organized is public in its nature. The section here in question affects all persons in the class to which it applies, alike, and the classification is founded upon a reasonable basis. The statute authorized any sanitary district which may be organized under its provisions, to connect the waters of Lake Michigan with the Desplaines and Illinois rivers so as to cause the waters of the lake to flow into the rivers; to enter upon, widen, deepen and improve any navigable or other waters, waterways, canal or lake, and to acquire the right of way for its channel throughout the State. No other kind of municipal corporation has such extensive powers of the kind exercised by corporations organized under this law. Their capacity to inflict damage reaches far beyond their own territory and affects a wide area. They exercise extraordinary powers given them by the State. They constitute a class by themselves, and their relation to the owners of property which they may injure is such that it cannot be said to be unjust to require them, upon reasonable notice, to pay the damages they have inflicted, or if they do not do so, to pay the expense of recovering them, including attorneys' fees. Moreover, the appellant is not an involuntary municipal corporation. Its organization was not compulsory but was the voluntary act of the voters within the territory of the district. The provision for the liability for attorneys' fees is a part of the organic act by which the appellant was

created.    It was one of the conditions under which the legislature authorized its organization and it was accepted by the voters.    It is not repugnant to natural justice.    The legislature had the power to impose such conditions as it chose upon the organization of sanitary districts.    This liability was such a condition.    It was accepted, and no reason is found in the constitution or in justice why it should not be enforced.

It is also argued that section 19 violates section 2 of article 2 of the State constitution and section 1 of the fourteenth amendment to the Federal constitution, because it deprives the appellant of its property without due process of law and deprives it of the equal protection of the laws. These claims are based upon the proposition that cities, villages, municipal corporations, railroad corporations, drainage and levee districts, and others, may overflow or otherwise damage land by the construction and operation of their works and are not liable to the payment of attorneys' fees to persons whose property they have injured.    What has been heretofore said answers this argument also.    No other corporation has powers commensurate with those of the Sanitary District of Chicago.    It was organized because of this fact.    The act authorizing its organization was passed giving it power to do what no other corporation could do.    Its purpose was to furnish a common outlet for the sewage of the incorporated municipalities within the limits of the district.    It was given power, for this purpose, to cause the waters of Lake Michigan to flow down through the Illinois river, to enter upon and use the navigable waters of the State and to injure and destroy property far beyond its limits.    To turn this large quantity of water into the Illinois river was necessarily to affect injuriously the lands of riparian owners and to materially affect the river throughout its course.    It was no more than just that the act should provide, by such means as might be practicable and effective, for requiring prompt payment

for the injuries thus inflicted. The privileges granted were greater than those possessed by any other corporation and the liability for attorneys' fees was a part of the terms of the grant. The act which authorized the creation of the corporation imposed the liability complained of. There is no deprivation of property. The appellant agreed to pay the attorneys' fees when it organized under the act. The burdens go with the privileges.

It is insisted that the amount of the attorneys' fees was excessive. There were two trials, (the first jury failing to agree,) occupying twenty-eight and twenty-three days, respectively, in each of which three attorneys were engaged for the appellee. The testimony of the appellee's attorneys and other attorneys of the bar of the county tends to sustain the finding of the court as to the amount. The court is not, however, bound by such testimony, but can, and should, take into consideration his own knowledge of the value of such services. (*Goodwillie* v. *Millimann,* 56 Ill. 523; *Metheny* v. *Bohn,* 164 id. 495.) The amount cannot be more than the plaintiff is liable for to his attorneys,— such amount as would be reasonably contracted for by the plaintiff in employing an attorney to prosecute his claim. The question is not what is reasonable, just and proper for the attorney in the particular case, but the usual charge between parties competent to contract. (*Reynolds* v. *McMillan,* 63 Ill. 46; *McMannomy* v. *Chicago, Danville and Vincennes Railroad Co.* 167 id. 497.) The *ad damnum* in the declaration was $12,000 and the amount of the recovery $5000. It is unreasonable to believe that in a case of this character the plaintiff would be willing to contract, in case he should recover, to pay an attorney's fee equal to the amount of the recovery. The attorneys were entitled to no more because the amount was to be paid by the defendant, the sanitary district, and not by their client. The inflated opinions expressed as to the value of the services are based upon what was reasonable compensation in the

260 — 21

particular case rather than what the plaintiff might reasonably contract for. In our judgment the usual charge and true value of the services of the attorneys was not equal to the total amount involved in the litigation, and the amount allowed for attorneys' fees was excessive.

The order allowing attorneys' fees will be reversed and the cause will be remanded to the circuit court for a new hearing on the motion to allow attorneys' fees.

*Reversed and remanded.*