## In re Estate of Sarah M. Colton, Deceased.
## John B. Colton et al., Appellants, v. W. H. Coffey, Administrator, Appellee.

### Gen. Nos. 5,939, 5,955.

1. EXECUTORS AND ADMINISTRATORS, § 559*—*jurisdiction to allow administrator compensation.* The matter of an administrator's compensation for his services is peculiarly within the province of the Probate Court.

2. COSTS, § 52*—*power of court to pass on amount of attorneys' fees.* A court may, to some extent, exercise an independent judgment in passing on questions as to the amount of attorneys' fees to be allowed in any given case.

3. EXECUTORS AND ADMINISTRATORS, § 561*—*amount of commissions allowable to administrator.* An allowance to an administrator of $1,500 for his commissions, *held* to be sufficient where the personal estate amounted to $100,000, consisting principally of bonds, some tangible chattel property of small value, some rent due from real estate leases, some bank stock and some promissory notes.

4. EXECUTORS AND ADMINISTRATORS, § 526*—*what considered in allowing administrator attorneys' fees.* Though an administrator is entitled to be reimbursed for reasonable attorneys' fees paid for necessary services, the fact that he employed counsel to render the service that should have been performed by himself and the fact that the estate pays for his bond should be taken into account in fixing his compensation.

5. EXECUTORS AND ADMINISTRATORS, § 526*—*amount allowable to administrator for fees of counsel.* An allowance of $2,500 to an administrator to reimburse him for fees of counsel employed, *held* sufficient where there was nothing in the settlement of a personal estate amounting to about .000.

Appeal from the Circuit Court of x county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI and Cumulative Quarterly, same topic and section number.

Moreland & Moreland and R. D. Robinson, for appellants.

Lawrence, Welsh & Green and F. O. McFarland, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

Sarah M. Colton, an aged maiden lady, died at her home in Galesburg, Illinois, intestate in May, 1911. She left a personal estate of about $100,000, consisting principally of bonds that were on special deposit in a bank in New York City, and subject to the payment of a transfer tax. There was tangible chattel property of small value, some rent due from real estate leases, some bank stocks and some promissory notes. There was little indebtedness. Her only heirs at law were two brothers, a niece and a grandnephew, all adults and nonresidents of this State.

Her banker, L. A. Townsend, had for some time been in charge of her business affairs, and her brothers and niece, who attended her funeral, petitioned the County Court for his appointment as administrator. He was appointed and qualified filing a bond which the petitioning heirs signed as sureties. A few days thereafter W. H. Coffey, the Public Administrator, petitioned the court to remove Townsend and for his own appointment. The heirs appeared and asked that Townsend be retained as coadministrator, receiving one-third of the commission to be allowed. This was resisted by Coffey and he was appointed sole administrator and proceeded to qualify giving a surety company bond, the cost of which was charged to the estate. Townsend filed a report showing that no assets of the estate had come to his hands, and was discharged. The administration proceeded in the ordinary way, including the necessary proceedings for assessing and collecting the inheritance tax and pay-

ing the transfer tax on said bonds. Ancillary administration in New York was suggested by some one there, as it usually is in such cases, and was avoided, as it usually can be in an estate like this. There was some question as to local taxes, some effort to continue the household and have the administrator pay the expenses. There was also the loss of a building by fire and some question as to a land title and some collection of rents that the administrator took some part in, though he was charged with no duty as to any matter touching the real estate except the collection of rents past due at the time of the death. Two servants of the intestate presented claims against the estate, one of which was allowed without a contest, and the other was defeated as to all but a small amount that the heirs were willing to pay. There were two trials of this last mentioned claim, one in the County and one in the Circuit Court. One of the heirs made assignments of portions of his interest as distributee, and some annoyance and trouble was occasioned thereby. The distributees employed counsel who assisted in many matters requiring the services of a lawyer.

The administrator filed a report, which his counsel in their brief say: "Was treated at the special request, and stipulation of counsel for the heirs before the Probate Court as a final report," and ask us to treat it as such, which we will do. It showed the estate for the most part distributed, most of the bonds being distributed in kind, and it asks that the administrator be allowed $5,000, paid as attorneys' fees and $6,019.06 for his commissions as administrator. The County Court on a hearing fixed the commissions at $3,364.70, and the allowance for attorneys' fees at $3,500. The objectors (distributees) appealed to the Circuit Court, where there was another trial resulting in reducing the allowance for commissions to $1,000 and allowing the credit for attorneys' fees at $3,500 the amount

fixed by the County Court. An appeal is prosecuted by the administrator from the order of the Circuit Court fixing his commissions, and another appeal is prosecuted by the objectors from the order fixing the allowance for attorneys' fees. Separate records have been filed here, but the same counsel are employed in both cases and cross-references are made in the arguments. We will in this opinion discuss the facts with reference to both cases.

We recognize the law several times announced by our Supreme Court, that the matter of an administrator's compensation for his services is peculiarly within the province of the Probate Judge. *Griswold v. Smith,* 214 Ill. 323; and we note the case of *Elder v. Whittemore,* 51 Ill. App. 662, where the Appellate Court of the Third District affirmed an allowance of six per cent. commissions on a large estate, which allowance the court seems to have regarded too much, but because of the credit that should be given to the judgment of the Probate Judge did not feel warranted in reducing the amount. It is also the law that a court may, to some extent, exercise an independent judgment in passing on questions as to the amount of attorneys' fees to be allowed in any given case. The authorities on that subject are collected and discussed in *Gilbert v. Lloyd,* 170 Ill. App. 436; see also *Gentlemen v. Sanitary District of Chicago,* 260 Ill. 317, and *Reinke v. Sanitary District of Chicago,* 260 Ill. 380. There are no other disputed questions of law of controlling importance in this case.

There was nothing difficult in the settlement of this estate. The securities were in excellent condition, and were such as prudent business men are accustomed to select for people unaccustomed to business, and so situated that investments may be made with security and ease of conversion the main consideration. A competent banker or business man would have easily ar-

ranged the whole matter and distributed the estate with the aid of attorneys in preparing formal papers to be filed in court, trying the litigated claims and advising about a few other matters, and could have employed competent lawyers for that service, and would have done so if it had been his own personal matter, for perhaps $500, certainly not over $1,000, and that fee would have been based more on a consideration of the amount involved than on the time and skill required. If it was necessary for this administrator to engage the services of lawyers to a much greater extent, it was because of his incapacity for work of that character, and he should not be paid for the exercise of ability he did not possess, and for that reason was compelled to employ others and pay them out of the estate funds.

An allowance of $1,500 for the administrator's commission and $2,500 for fees paid his attorneys, added to the price paid by the estate for his bond, will make an expense of nearly five per cent. of the personal property administered in settling and distributing this estate. Were it not for the weight we are required to give the judgment of the County Court we would be disinclined to assent to that much tax on this estate. The Legislature has fixed six per cent. as the maximum commission to be allowed the personal representative in cases involving the greatest amount of judgment, skill and labor. It is true he is entitled to counsel and to be reimbursed reasonable fees paid them for necessary service; but where counsel are employed to render the service that should be performed by the administrator himself, and the estate pays for his bond, those facts should be taken into account in fixing his compensation.

Treating the report as final, and commissions and attorneys' fees to be allowed the same as though it were a final report, and no further allowance to be

made for attorneys' fees except for services rendered after the hearing on the report in the County Court, the judgments of the Circuit Court are reversed and the cause remanded with directions to fix the commissions of the administrator at $1,500 and his credit for attorneys' fees at $2,500, entering the proper orders therefor and certifying them to the County Court for its action thereunder, the taxable costs in these proceedings, in this court and in the court below to be paid by the administrator in due course of administration.

*Reversed and remanded with directions.*