In Matter of Estate of Samuel James, Deceased.
C. A. Williams, Administrator of Estate of Samuel James, Deceased, et al., Petitioners, v. E. B. Van Scoyk, Executor of Last Will and Testament of Samuel James, Deceased, Respondent.
E. B. Van Scoyk, Appellant, v. C. A. Williams, Administrator of Estate of Samuel James, Deceased, and Katie Mitchell, Sole Heir, Appellees.

Gen. No. 10,036.

Third District.

May 14, 1956.

Rehearing denied June 11, 1956.

Released for publication June 11, 1956.

Kenneth A. Green, of Mattoon, for appellant.

Bennett & Bennett, Grendel F. Bennett, and Caslon K. Bennett, all of Marshall, and C. A. Williams, of Casey, for appellees.

JUDGE REYNOLDS delivered the opinion of the court.

Samuel James, a resident of Clark county, Illinois, died on August 29, 1950, at the age of 92. He was survived by his daughter, Katie Mitchell, an only child, and his sister Martha Spear. He left a purported will, by the terms of which he left all his property to his sister Martha Spear, except $500 which was bequeathed to the Presbyterian Church of Mattoon, Illinois, and 40 acres of land which was devised to the daughter Katie Mitchell, provided that in the event that Katie Mitchell contested the will, then the 40 acres was to go to the Baptist Church of Westfield, Illinois. The will was admitted to probate in the County Court of Clark county, and E. B. Van Scoyk was appointed executor. Afterwards, Katie Mitchell filed a suit in the Circuit Court of Clark county to contest the will. The first trial resulted in a hung jury. In the second trial the jury returned a verdict setting aside the will. A petition was filed in the County Court by the then executor E. B. Van Scoyk, and Martha Spear for authority to appeal the decision in the Circuit Court to the Supreme Court. This was denied by the County Court, but the appeal was perfected and in the case of Mitchell v. Van Scoyk, 1 Ill.2d 160, the Supreme Court affirmed the judgment of the Circuit Court. C. A. Williams was then appointed administrator of the estate. Afterwards, the then executor, Van Scoyk filed a final report as such executor in the County Court. Objections to this report were filed by the daughter, Katie Mitchell and C. A. Williams, Administrator. E. B. Van Scoyk as executor and Kenneth A. Green, attorney for the executor, having filed their petition for the fixing of fees of the executor and attorney, the petition for the fixing of fees and the objections to the final report were consolidated. On May 8, 1954, the County Court entered an order ruling on the final report and the objections thereto. The matter was continued pending the final determination of the case in the Supreme Court, and on June 28, 1954, the executor's compensa-

tion was fixed at $3,725 and the attorney's fees were allowed in the sum of $4,550, and the executor ordered to file an amended report within 30 days. From this order, both the objectors and Van Scoyk appealed to the Circuit Court. On March 2, 1955, the Circuit Court of Clark county entered an order that the said E. B. Van Scoyk, as executor, be charged with certain sums received by him as such executor, that he be allowed credit for certain expenses of the estate, fixed the fee of the executor at $1,900 and the attorney's fees at $3,300. The order further found that E. B. Van Scoyk, executor of the Last Will and Testament of Samuel James, owed to C. A. Williams, administrator of the Estate of Samuel James, deceased, the sum of $18,971.66, and ordered this paid to the estate.

On April 12th, 1955, the Circuit Court entered an amended order and in the amended order the cause was remanded to the County Court of Clark county, with instructions to enter an order modifying the order of the said County Court of Clark county, rendered June 28, 1954, with directions to enter an order in conformity with the findings of the Circuit Court as expressed in the opinion filed on March 2, 1955. From this order as amended, E. B. Van Scoyk as Executor, appeals to this court.

From the inheritance tax return filed for this estate it appears that the total value of the estate was $49,789.87, of which $23,332.37 was money, $57.50 was chattel property, and $26,400 was real estate. An additional sum of $6,304.77 shows on the final report as income from the real estate. In the final report filed by the executor, $13,000 was charged for attorney fees, and $5,250 was charged for executor's compensation. The attorney's fees were broken down as follows: Fees for administration of the estate $2,000; fees for defending first will contest case $3,750; fees for defending second will contest case $3,750; fees for appeal to the Supreme Court $3,500. The attorney fees were paid by

the executor without order or authorization from the County Court.

The items in the final report of the executor, which were objected to are many and varied. It is not necessary for the purpose of this appeal to burden the record with all of them, and only those matters raised by the appellant in his appeal will be considered. These items are as follows:

1. That portion of said order which fixed the witness fees of Dr. L. H. Johnson at $2.70 and that of Dr. F. B. Weaver at $4.90 for testimony in the will contests instead of the $35 charged.

2. That portion of said order which states "insofar as the final report of E. B. Van Scoyk, Executor of the Last Will and Testament of Samuel James, Deceased, is at variance with this order, objections thereto are expressly sustained."

3. That portion of the order which:
 (a) Disallows the charge of $35 paid to Dr. L. H. Johnson as a witness fee at the second will contest.
 (b) Disallows the charge of $35 paid to Dr. F. B. Weaver as a witness at the second will contest.
 (c) Disallows the fees of $100, $100, and $62 paid to Mrs. Trimble for second will contest.

4. That portion of the order which fixes the attorney's fee for administration at $1,000 instead of the $2,000 reported on the final report.

5. That portion of the order which fixes the attorney's fee at $1,400 for the first will contest case instead of the $3,750 reported on the final report.

6. That portion of the order which fixes the attorney's fee at $900 for the second will contest case instead of the $3,750 reported on the final report.

7. That portion of the order which fails to allow $3,500 by way of attorney fees for appeal to the Supreme Court and which fails to allow $154 for printing.

8. That portion of the order which fixes the Executor's fee at $1,900 instead of the $5,250 claimed on the final report.

9. That portion of the amended order which allows Administrator's and Katie Mitchell's objections numbered 23, 24, 25 and 26.

10. That portion of the amended order which allows in part Administrator's and Katie Mitchell's objections numbered 18, 19, 20, 21, 29, 30, 31, 32 and 33.

11. That portion of the amended order which orders the Executor, E. B. Van Scoyk to pay to the present Administrator the sum of Eighteen Thousand Nine Hundred and Seventy-one Dollars and Sixty-six cents ($18,971.66).

12. That portion of the amended order which requires E. B. Van Scoyk to pay the costs in the Circuit Court.

13. That portion of the amended order which remands the cause to the County Court of Clark County with directions to render an order in conformity with the opinions filed in the Circuit Court.

While the brief submitted by the appellant does not take any position or cite any authorities to support his position on some of the errors assigned, this court in order to dispose of the whole matter, will take them up in numerical order.

 1. The Circuit Court fixed the fees of Dr. L. H. Johnson and Dr. F. B. Weaver, at $2.70 and $4.90 respectively. Apparently, the executor paid these two doctors on the basis of expert testimony, but the law does not recognize a difference between the ordinary witness and the so-called expert witness. This was determined by the case of Commissioners of Lincoln Park v. Schmidt, 395 Ill. 316, where the court said: "We have also held expert witnesses are in the same position as other witnesses with respect to their fees, (Hutchinson v. Hutchinson, 152 Ill. 347) and that an expert can be

compelled to testify despite his objection that he is entitled to be paid on the basis of being an expert. Dixon v. People, 168 Ill. 179."

■ 2. This is a general ground which is not pursued by the appellant in his brief and will not be considered by this court.

3. (a) and (b). The reason for the disallowance of the two doctors' fees as witnesses in the second will contest trial does not appear in the Circuit Court order. If they were witnesses at the second trial, they would be entitled to the statutory fee allowed other witnesses. Dependent upon the statutory fee allowed, these fees should be allowed, if they testified in the second will contest. (c) The sums of $100, $100 and $62 paid the official court reporter for transcript of the second will contest, are part of the money expended by the executor in the appeal to the Supreme Court. Since these payments are governed by the law governing the right of the executor to charge the estate with the expenses and costs of the appeal of the will contest case, this item will be discussed later in this opinion.

4, 5, and 6. These concern the attorney fees in the two will contest cases, and the administration of the estate. As charged in the final report of the executor these amounted to $13,000. The County Court reduced them to $4,550. The Circuit Court fixed the attorney fees at $3,300.

■ Section 491, Chapter 3, Illinois Revised Statutes provides for attorney fees for an executor in the following language: "The attorney for an executor, administrator, administrator to collect, guardian, or conservator shall be allowed reasonable compensation for his services." This section is construed by the appellant as saying that the jurisdiction of the court is limited only to allowing reasonable fees and that the court does not have the power to fix the fee of the attorney. This is not the law. The right of the Probate Court to allow an executor or administrator credit in

239

his account for reasonable attorney's fees for services in enabling such officer to properly and efficiently perform duties of his office, is undoubted, but the amount paid for attorney's fees is to be determined by the court in exercise of judicial discretion. In re Gilbert's Estate, 319 Ill. App. 15. Compensation of an administrator and his attorney are matters peculiarly within province of the probate judge. In re Kanner's Estate, 2 Ill.App.2d 530.

██ The court is not bound by testimony as to the amount of fees to be allowed. In ascertaining what is a proper amount to allow for attorney's fees, the court is not bound to accept the opinions of the witnesses as conclusive, but should take into consideration its own knowledge of the value of the services rendered. Gentleman v. Sanitary Dist. of Chicago, 260 Ill. 317. Goodwillie v. Millimann, 56 Ill. 523; Metheny v. Bohn, 164 Ill. 495. In the Goodwillie v. Millimann case, supra, that court said: "In taxing such fees the chancellor should exercise his own judgment, and not be wholly governed by the opinion of attorneys as to the value of the services. He has the requisite skill and knowledge to form some idea as to what is a fair and reasonable compensation, and he should exercise that judgment. He should, no doubt, consider the opinions of witnesses and evidence of the sum usually charged and paid for such services, but should not be wholly controlled by the opinions of attorneys as to their value." In the case of McMannomy v. Chicago, D. & V. R. Co., 167 Ill. 497, in discussing the fixing of attorney's fees, that court said: "While opinions are receivable and entitled to due weight, the courts are also well qualified to form an independent judgment on such questions, and it is their duty to do so."

In the case of Mumper v. Murphy, 212 Ill. App. 52, the court said: "Courts have some knowledge concerning the value of an attorney's services, and a court may to some extent and should exercise an independent

judgment in passing on questions concerning the amount to be allowed an attorney in any case. Giger v. Bishop, 231 Ill. 472; Colton v. Coffey, 187 Ill. App. 558."

■ ■ So it would seem to be the law in Illinois, that the courts have not only the right but the duty, under the Probate Act, to fix and allow attorney's fees. And where a cause has been appealed from the County or Probate Court to the Circuit Court, the same right and duty extends to the Circuit Court. On a trial de novo before the Circuit Court on objections to a final report of an executor, all the questions, including attorney's fees, that were before the County Court could be properly brought before the Circuit Court, since a trial de novo could adjudicate all the matters before or passed upon in the court of original jurisdiction. In re Estate of Betts, 2 Ill.App.2d 453. The appellant has urged that the purchasing value of the dollar was far greater in cases which date from 1885 to 1943, and that the court may take into consideration the difference in the purchasing power of the dollar. This is undoubtedly the law, but there is nothing in the record to show to this court that the trial court did not so consider the difference in the purchasing power of the dollar in arriving at its determination as to what was a reasonable attorney fee in this cause.

■ ■ The appellant urges that the previously decided cases on the point of reasonableness of fees must be followed. That the doctrine of stare decisis is a substantial and fundamental part of our law. We agree that the doctrine of stare decisis is a substantial and fundamental part of our law, but the difficulty lies in determining what is stare decisis in cases of this kind. There are many cases in our Supreme and Appellate Courts determining the reasonableness of fees, but each case had its own peculiar facts and circumstances, and what would be reasonable in one could be unreasonable in another. Each case must rest on its own facts and circumstances and no hard and fast rule can

241

be or has been laid down in determining what would be a reasonable attorney fee in each individual case. In this case, the trial court, after hearing the witnesses, examining the record, and being fully advised, fixed and determined what it considered to be a reasonable attorney's fee for services rendered by the attorney for the estate. This court cannot say that the determination of the trial court is manifestly or palpably erroneous and finds nothing that would justify it in overruling the judgment of the Circuit Court.

7. Appellant assigns as error the refusal or failure of the Circuit Court order to allow $3,500 as attorney fees for appeal of the judgment of the Circuit Court holding the will invalid, and which fails to allow $154 for printing. In passing on this the money paid to the official reporter for transcript of the evidence in the second will contest case, amounting to $262 should also be considered, because if one is proper, the other would also be proper. Formerly it was the law in Illinois that money expended by an executor in defending a suit to contest the validity of a will, in behalf of the personal interest of the devisees named in the will, in which suit the will is set aside, are not proper credits to be allowed against the estate, and the executor must look to such devisees for such expenditures. Shaw v. Moderwell, 104 Ill. 64. This rule has been abrogated by Section 245 of Chapter 3, Illinois Revised Statutes which make it the duty of the executor to defend the will and appeal a decree of the Circuit Court invalidating the will. But while there is a duty on the part of the executor to defend the will and appeal if necessary, there is no duty or right on the part of the executor, to involve the estate in unnecessary litigation or to pursue an issue at great cost to the estate, where the executor has reasonable grounds to believe that the decree finding the will invalid by reason of undue influence was proper, as in this case. The case of Leonard v. Burtle, 226 Ill. 422 is somewhat analogous to this

242

case. In that case there was undue influence. In that case there were fiduciary relations existing between the appellant and his mother. In this case the Supreme Court in Mitchell v. Van Scoyk, 1 Ill.2d 160, on page 169 said: "It leaves little doubt that there was a strong fiduciary relationship between Martha Spear and her brother, Samuel James, during the last two years of his life and at the time the will and codicil were executed." The court went further and said on page 172 of the opinion: "It thus appears that Martha Spear and E. B. Van Scoyk, both of whom were to benefit materially and extensively by the will and who occupied a fiduciary relationship with James, were connected with the making of the will, though Van Scoyk was not present at the time of its execution." And in this case it further appears that the same attorney who now asks attorney fees for appealing the judgment of the Circuit Court in the will contest case to the Supreme Court, was the same attorney who drew up the will, tried the case twice in the Circuit Court on the question of the validity of the will, and was fully conversant with every detail of the transaction. As said in the Leonard v. Burtle case, supra, the court was justified, in the exercise of a sound discretion, in awarding costs against appellant individually. And in this case, in view of all the circumstances, this court must hold that the Circuit Court was justified in denying the allowance of an attorney fee for the appeal to the Supreme Court. This would apply to costs as well and the costs of the official reporter should be paid by the executor individually and not charged against the estate.

8. The right and duty of the Circuit Court to fix the fees and compensation of the attorney in this case, extends to the compensation of the executor. Under the law as formerly laid down, the fees of the administrator or executor of an estate were limited to 6% of the personal property in the estate. Under the

243

law now, Section 490, Chapter 3, Illinois Revised Statutes, an executor shall be allowed reasonable compensation for his services. Here the Circuit Court has fixed $1,900 as reasonable. This court can perceive no valid reason or right of this court to overrule that determination.

9 and 10. These relate to certain objections of the administrator and Katie Mitchell to the executor's final report, relating to court costs of the appeal, the allowance of printing fees, and attorney and executor fees and have been passed upon.

11 and 12. These relate to the computation of unauthorized payments by the executor and order the repayment by the executor. Because we have held in this opinion that these payments should be charged to the executor and not the estate, the order of the Circuit Court should be affirmed as to these items.

13. This relates to the order of the Circuit Court remanding the cause to the County Court with instructions to enter an order in conformity with the order of the Circuit Court. This was proper and necessary and is not error.

The judgment of the Circuit Court is affirmed.

Affirmed.